**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

AMERICAN SOCIETY FOR THE PREVENTION :
      OF CRUELTY TO ANIMALS, et al.,   :
                           :
      Plaintiffs          :
                           :
v.                         :      **MISC. NO. 1:08-mc-00069(EGS)**
                           :
RINGLING BROS. AND BARNUM & BAILEY :      RELATED TO:
      CIRCUS, et al.,       :      CIV. 03-2006 (EGS/JMF)
                           :
      Defendants       :

**OPPOSITION TO DEFENDANT FELD ENTERTAINMENT, INC.'S**
**MOTION FOR EXTENSION OF TIME**

This Court should not grant Feld Entertainment, Inc.'s ("FEI") Motion for Extension of Time

because: (a) the motion is disingenuous, and (b) the motion is a direct effort by FEI to circumvent an

Order of the United States District Court in the related matter (*ASPCA, et al. v. Ringling Bros. And*

*Barnum & Bailey Circus, et al.*, Civ. No. 03-2006 (EGS/JMF) (hereinafter "Civ. No. 03-2006").

FEI misrepresents what occurred with regard to People for the Ethical Treatment of Animals

("PeTA") being provided an extension in the Norfolk action and PeTA's refusal to "reciprocate that

courtesy" (FEI's Motion, p. 3).

In the Norfolk action, PeTA was served with FEI's lengthy motion to compel discovery

stemming from Civ. No. 03-2006. PeTA immediately called FEI's local Norfolk counsel and asked if

FEI would agree to have the matter transferred, or refiled, in the District of Columbia, as PeTA would

accede to the jurisdiction of the District of Columbia. The Norfolk motion to compel involves a

subpoena that requests every videotape PeTA has made of any circus and any animal of any circus, and

particularly any animal and any possession and any employee of Ringling Bros. for more than a decade.

The subpoena requested other things that were also clearly objectionable.

This Court in Civ. No. 03-2006 issued a lengthy opinion after hearings and pleadings concerning subpoenas against the Humane Society of the United States ("HSUS") and Wildlife Advocacy Project ("WAP"). This Court has held status conferences and heard numerous motions (including motions for summary judgment, to amend the pleadings, to add parties, etc.), all of which set forth and delineated the scope of that case. There is a forty-four (44) page docket sheet in Civ. No. 03-2006, and it is grossly unreasonable to ask a judge in Norfolk to try and second guess this Court. The Honorable Emmet G. Sullivan ordered that discovery in Civ. 03-2006 was to be ruled upon by Magistrate Judge John M. Facciola. FEI is making a direct effort to circumvent that ruling by insisting that its Norfolk Motion to Compel be heard before different judges in a different jurisdiction. In its request of FEI to transfer the matter to this Court, PeTA pointed out these issues, and in response FEI indicated it was happy with the judges in Norfolk hearing it.

Indeed, after PeTA started to prepare pleadings to do what the Court of Appeals has pointed out is the proper thing to do (file a Motion for Protective Order in this Court, and then a Motion to Transfer or Stay and a Motion for Protective Order to be filed in the foreign court; *see In re Sealed Cases*, 141 F3d 337 (D.C. Cir. 1998)), PeTA wrote to FEI's counsel on February 11, 2008 suggesting again that the motion practice between the two courts was an "incredible, unnecessary burden upon the courts. Given the record and lengthy discovery hearings in the District of Columbia, there is absolutely no valid legal reason to proceed in Norfolk." PeTA then suggested it would submit itself to the jurisdiction of this Court if FEI would agree to the transfer. *See* Exhibit 1, February 11, 2008 Hirschkop letter. FEI counsel Lisa Joiner replied on February 12, 2008 and stated that they saw "absolutely no reason why [the Norfolk] court is not qualified to resolve this dispute." She further pointed out, in refusing to agree to transfer the matter to this Court (which the Court of Appeals of this Circuit has plainly said is doable by agreement of the parties, or by having a protective order, a motion for which is pending here now),

"we intend to see this through to its resolution regardless of however many unnecessary additional filings you try to bring to prevent that." *See* Exhibit 2, February 12, 2008 Joiner letter.  Obviously, FEI has all the facilities in the world to circumvent Judge Sullivan's order that discovery matters be heard by Judge Facciola.  FEI's Motion for an Extension is just one more ploy.  What FEI is afraid of is that PeTA will get a prompt hearing before this Court before FEI can try to move the matter in Norfolk.

As far as FEI's argument about PeTA not providing the same courtesy regarding an extension of time, FEI can have the two days extra that PeTA took.  PeTA's response was due on Monday, February 11, 2008.  PeTA is not privy to much of the discovery that is under seal in Civ. No. 03-2006; it had virtually no chance to examine the lengthy pleadings, nor could it have done so in an eleven day period, nor review substantive motions that delineated the scope of this case; and it had to find local counsel in Norfolk.  Accordingly, PeTA asked FEI's Norfolk counsel for a two-day extension.  In the face of all that, FEI's Norfolk counsel courteously granted that brief extension.  When Ms. Joiner called Mr. Hirschkop for an extension of time to reply to PeTA's motion, Mr. Hirschkop asked if FEI would be pressing the matter in Norfolk, to which Ms. Joiner replied in the affirmative.  Based on that, Mr. Hirschkop did not agree to an extension.  However, if Ms. Joiner had simply asked for two days so that this matter could be heard promptly, Mr. Hirschkop would have gladly exceeded to that.

This issue is also before this Court upon a Motion to Compel filed by plaintiff ASPCA in Civ. No. 03-2006.  As this Court is aware, counsel involved in these matters are in the Washington, D.C. Metropolitan Area.  The plaintiffs' and defendants' lawyers all have offices in the District of Columbia, and are not members of the Virginia Bar.  Mr. Hirschkop is also in the metropolitan area (Alexandria, VA), and is a member of this Bar.  The only reason that FEI insists upon pressing these issues before the Norfolk court is to try to get different rulings than those from Judge Sullivan on discovery and as further enunciated by Judge Facciola in December 2007 on a Motion to Compel against the HSUS and in other

discovery rulings.

FEI's motion should be denied or it is courteously requested that should the court grant an

extension that it make the extension for a short period of time and set the matter for hearing as quickly

as possible.  The Motion by PeTA requested an expedited hearing.  PeTA is willing to file any response

if one is ordered or allowed by the Court on a shortened schedule.  The law is overwhelming that the

matter should be heard before this Court.

Further, this Court can expeditiously determine whether FEI's Norfolk motion to compel is

timely.  PeTA understands that there was a December 30, 2007 discovery cutoff in Civ. No. 03-2006 by

Judge Sullivan and that he indicated that he would not look favorably upon any motion to extend.

Magistrate Judge Facciola then, upon application of the parties, extended the date for completion of

discovery to January 30, 2008.  PeTA made production under the FEI subpoena in mid-December 2007

and made known to FEI it would not produce anything further.  FEI then waited six weeks, until January

28, 2008, just two days before discovery was to be completed in that case, to file a special action in the

Eastern District of Virginia.  Any time constraints that FEI has are a product of its own delay.

For the foregoing reasons, FEI's Motion for Extension of Time should be denied.

> Respectfully submitted,
>
> /s/ Philip J. Hirschkop
> PHILIP J. HIRSCHKOP, DC Bar #153908)
> HIRSCHKOP & ASSOCIATES, P.C.
> 908 King Street, Suite 200
> Alexandria, Virginia   22314
> Telephone:     (703) 836-6595
> Fax:               (703) 548-3181
> *Counsel for People for the Ethical Treatment of Animals*

Date:   February 19, 2008

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| AMERICAN SOCIETY FOR THE PREVENTION | : | |
| OF CRUELTY TO ANIMALS, | : | |
| FUND FOR ANIMALS, | : | |
| ANIMAL WELFARE INSTITUTE, | : | |
| ANIMAL PROTECTION INSTITUTE, | : | |
| TOM RIDER, | : | **MISC. NO. 1:08-mc00069 (EGS)** |
| | : | |
| Plaintiffs | : | [RELATED TO: |
| | : | Civ. No. 03-02006 (EGS/JMF)] |
| v. | : | |
| | : | |
| RINGLING BROS. AND BARNUM & BAILEY | : | |
| CIRCUS, | : | |
| FELD ENTERTAINMENT, INC., | : | |
| | : | |
| Defendants | : | |

**[PROPOSED] ORDER**

THIS MATTER came before the Court upon defendant Feld Entertainment, Inc.'s Motion for

Extension of Time and People for the Ethical Treatment of Animals' Opposition thereto, and the Court

having considered the matter, it is hereby

ORDERED that the Motion for Extension of Time is DENIED.

ENTERED this _____ day of February, 2008.


_____

JUDGE, United States District Court

# Exhibit 1

PeTA's Opposition to
FEI's Motion for Extension of Time

Misc. No. 1:08-mc-00069 (EGS)

LAW OFFICES

## HIRSCHKOP & ASSOCIATES, P.C.

908 KING STREET, SUITE 200
ALEXANDRIA, VIRGINIA  22314-3018

PHILIP J HIRSCHKOP
VA D.C & NY BARS

WASHINGTON OFFICE
1920 N STREET, N.W. SUITE 300
WASHINGTON D.C  20006-1622

(703) 836-6595 & (703) 836-6555
FAX (703) 548-3181

February 11, 2008

**_VIA FACSIMILE (202-662-4643)_**
George Gasper, Esquire
FULBRIGHT & JAWORSKI
801 Pennsylvania Avenue, N.W.
Washington, D.C   20004

RE:   *ASPCA v. Ringling Bros., et al.*
        Subpoena to PeTA

Dear George:

I don't know if this is more properly addressed to you or Ms Joiner. I am writing to you because we communicated directly regarding the PeTA subpoena. As I am sure you are aware, your office has filed a special action in Norfolk to compel compliance with FEI's subpoena, and PeTA has filed a Motion for Protective Order in the District of Columbia, which has been assigned to Judge Sullivan. We will be filing a response and motions to transfer or stay in Norfolk and a motion for change of venue.

All of this seems to be an incredible, unnecessary burden upon the courts. While Rule 45 required your initial filing in the Eastern District of Virginia, PeTA agrees to jurisdiction before the United States District Court for the District of Columbia, and any further proceedings in Norfolk are a waste of the courts' time and undue burden on all the parties. Given the record and lengthy discovery hearings in the District of Columbia, there is absolutely no valid legal reason to proceed in Norfolk.

Last week I spoke with your Norfolk counsel about transferring the matter to D.C., and he told me that your office declined that request. I am asking you to reconsider so we can proceed in an orderly manner. I believe that continuing to proceed in Norfolk in light of PeTA's agreement to the jurisdiction of the United States District Court for the District of Columbia would be inappropriate and sanctionable conduct.

All of that should be avoided and the matter litigated before the D.C. trial judge or assigned magistrate for discovery, who have been handling the *ASPCA* case for several years,

George Gasper, Esquire
Page 2
February 11, 2008


without all these extraneous matters. Please let me know today, if at all possible, if you will reconsider and agree to have the matter heard in D.C. so that we may make procedural arrangements. You can email me at pjhirschkop@aol.com and hirschkoplaw@aol.com.

Very truly yours,

PHILIP J. HIRSCHKOP

PJH:er
cc:    Katherine Meyer, Esquire
       Christopher A. Abel, Esquire
       Jeffrey S. Kerr, Esquire

**Exhibit 2**

PeTA's Opposition to
FEI's Motion for Extension of Time

Misc. No. 1:08-mc-00069 (EGS)

# FULBRIGHT & JAWORSKI L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP
801 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C. 20004-2623
WWW.FULBRIGHT.COM

LISA ZEILER JOINER
PARTNER
LJOINER@FULBRIGHT.COM

DIRECT DIAL:   (202) 662-4501
TELEPHONE:   (202) 662-0200
FACSIMILE:   (202) 662-4643

February 12, 2008

***VIA FACSIMILE & REGULAR MAIL***

Philip J. Hirschkop
908 King Street, Suite 200
Alexandria, Virginia 22314-3013

    Re:    <u>Feld Entertainment, Inc. v. PETA, Action No. 2:08-mc-4</u>

Dear Mr. Hirschkop:

I am in receipt of and write in response to your February 11, 2008 letter addressed to Mr. Gasper. We are comfortable that, having proceeded in accordance with the Federal Rules of Civil Procedure, we have filed in the proper forum to enforce our subpoena that was validly issued to PETA. Even you have conceded, as you must, that the forum in which we have proceeded has jurisdiction. Your actions during the past week have made it abundantly clear that your client, PETA, wishes to avoid its home forum, the Eastern District of Virginia, Norfolk Division, at all costs. However, we see absolutely no reason why that court is not qualified to resolve this dispute. Nor are we persuaded that jurisdiction can simply be conferred on the court in Washington by mere agreement of the parties. We are likewise aware of no basis for your overblown commentary that anything we have done is sanctionable. We have issued a valid subpoena to PETA out of the proper federal district. PETA has not complied, and we have moved to enforce accordingly. We intend to see this matter through to its resolution regardless of however many unnecessary additional filings you try to bring to prevent that.

Sincerely,

Lisa Zeiler Joiner

cc:    Christopher A. Abel

60074366 1

AUSTIN • BEIJING • DALLAS • DENVER • DUBAI • HONG KONG • HOUSTON • LONDON • LOS ANGELES • MINNEAPOLIS
MUNICH • NEW YORK • RIYADH • SAN ANTONIO • ST LOUIS • WASHINGTON DC