UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PEOPLE FOR THE ETHICAL :
    TREATMENT OF ANIMALS :
 :
v. : Misc. Case: 1:08-mc-00069 (EGS)
 :
FELD ENTERTAINMENT, INC. :
-----------------------------------------------------

Related Case No. 03-2006 (EGS/JMF)

AMERICAN SOCIETY FOR THE :
PREVENTION OF CRUELTY TO :
ANIMALS, et al., :
 :
        Plaintiffs, :
 :
v. :
 :
FELD ENTERTAINMENT, INC., :
 :
        Defendant. :
_____:

## REPLY IN SUPPORT OF MOTION FOR EXTENSION OF TIME

One should not even have to file a reply to a motion for extension of time. See Motion for Extension of Time (2/15/08) ("Motion"). Yet PETA felt the need to file not just one but now two oppositions to FEI's Motion, and has also now arrogated to itself the ability to dictate to FEI and this Court when a hearing will be held. See Opposition to FEI's Motion for Extension of Time (2/19/08) ("First Response"); Supplemental Opposition to FEI's Motion for Extension of Time (2/28/08) ("Second Response"); Praecipe (2/28/08). The Local Rules do not permit the filing of multiple responses or grant any party the right to set the Court's calendar for it. Accordingly, FEI asks that these extraneous filings by PETA be stricken from the record and that the Court enter an order prohibiting any further filings in this case absent permission from the

60051555                                                    1

Court. A revised proposed form of order is attached hereto.

FEI will not belabor the point, but the Court is well aware that since the beginning of January, FEI has responded to more than six discovery letters it has received from plaintiffs, the parties have taken at least six depositions in the ASPCA case, the Court has held several status conferences, FEI has already had to file seven briefs and/or motions (including those unnecessarily caused by PETA's procedural maneuvering), and the Court held one day of an evidentiary hearing on February 26, 2008. (PETA knows this because its counsel attended it.) Just this afternoon, PETA has now filed yet another motion in the Eastern District to transfer FEI's motion to compel out of the Norfolk Division to the Alexandria Division on the basis of *forum non conveniens*.[1] FEI obviously had good cause to seek the extension of time that it did. This is not a "ploy," but rather the events in the ASPCA case that occurred with the Court's supervision and guidance regarding scheduling. Nor is there anything "disingenuous" about the Motion as PETA claims. See First Response at 1. FEI's counsel gave Mr. Hirschkop an extension of time to file his response in the Eastern District, and Mr. Hirschkop then refused to do the same for FEI. FEI agreed to two days for Mr. Hirschkop because that is the time period he requested. That FEI needed more in light of the ongoing proceedings in the ASPCA case is of no moment, and was certainly no basis for counsel to oppose FEI's request for extension of time.

As indicated in FEI's Response in Opposition to PETA's Motion for Protective Order (concurrently filed), what PETA is really doing here is trying to assist plaintiffs with their efforts to "enforce" the sham subpoenae that Mr. Hirschkop invited from plaintiffs. See Response at 7-8 (2/29/08). PETA essentially admits to as much in its First Response. See PETA's First Response at 3. In any event, that issue is the subject of separate briefing in the ASPCA case that

---

[1] This argument is absurd. PETA's headquarters are less than a mile from the federal courthouse in Norfolk. The documents sought are located there, and the place of production is Norfolk.

will be addressed in due course. See Plaintiffs' Motion to Compel Compliance with a Third Party Subpoena Served on People for the Ethical Treatment of Animals (2/15/08) (Docket No. 260).[2]

Yesterday, PETA inexplicably filed a Second Response to the Motion. This filing should be stricken from the record. See L.Cv.R. 7(b) (permitting only one opposition to be filed within 11 days of service). PETA never conferred with FEI about this filing, not does it appear to have permission from the Court to make it. PETA claims that FEI has "deceptively argued to the Court that it is overburdened and does not have time to respond in time." (Second Response at 1). The statement is frivolous, and evidences why the Court should prohibit any further filings in this action absent permission from the Court to do so. Moreover, the notion that "FEI is pressing for a hearing in Norfolk" is not accurate either. Local Rule 7(E) of the Eastern District of Virginia (attached as Exhibit 10 to FEI's Response filed concurrently) will deem a motion to be withdrawn if it is not noticed for a hearing within 30 days after the date on which it is filed. FEI filed its motion to compel against PETA on January 28, 2008 in the Eastern District of Virginia. Pursuant to that court's local rule, FEI then noticed the matter for a hearing by letter dated February 25, 2008 (attached as Exhibit 11 to FEI's Response filed concurrently). The Eastern District court then provided three dates for the parties to consider, and a hearing is now set for March 7, 2008. This Court should note that this afternoon PETA has also sent a letter to the Eastern District court asking that PETA's motion for protective order be heard on March 7 as well. PETA's double-talk is unconvincing: It claims FEI waited too long to file its motion to compel, and now having filed its motion, FEI is moving too quickly to set the matter for hearing (even though this is what the Local Rule requires).

---

[2]  At the February 26 hearing, the Court granted a one-week extension on briefing in the ASPCA case. FEI's response will be filed on March 7, 2008.

60051555                                   3

Finally, there was no leave or basis for PETA to file its praecipe. In any event, FEI does not think that PETA's motion even merits a hearing and can be decided on the papers without one. See LCvR 7(f) ("A party may *in a motion or opposition* request an oral hearing, but its allowance shall be within the discretion of the court.") (emphasis added). PETA has already requested a hearing in its motion. We do trust, however, that if the Court would like to schedule a hearing, it will do so and will provide the parties with notice of the same. FEI will take its orders on scheduling from the Court, not PETA, and considers no hearing or conference to be set until such time as the Court decides to do so. Accordingly, PETA's praecipe should likewise be stricken from the record as no consultation occurred with FEI's counsel or apparently the Court before it was filed.

A revised proposed order is attached.

Dated this 29th day of February, 2008.

Respectfully submitted,

*/s/ signature*

John M. Simpson (D.C. Bar #256412)
Joseph T. Small, Jr. (D.C. Bar #926519)
Lisa Zeiler Joiner (D.C. Bar #465210)
Michelle C. Pardo (D.C. Bar #456004)
George A. Gasper (D.C. Bar #488988)

FULBRIGHT & JAWORSKI L.L.P.
801 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 662-0200
Facsimile: (202) 662-4643

Counsel for Defendant Feld Entertainment, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS | : | |
| v. | : | Misc. Case: 1:08-mc-00069 (EGS) |
| FELD ENTERTAINMENT, INC. | : | |

Related Case No. 03-2006 (EGS/JMF)

| | | |
|---|---|---|
| AMERICAN SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS, <u>et al.</u>, | : | |
| Plaintiffs, | : | |
| v. | : | |
| FELD ENTERTAINMENT, INC., | : | |
| Defendant. | : | |

## ORDER

Upon consideration of Feld Entertainment, Inc.'s Motion for Extension of Time ("Motion"), the filings related thereto, and for good cause shown, it is this _____ day of February, 2008,

ORDERED that the Motion is GRANTED; and it is further

ORDERED that PETA's Supplemental Opposition to the Motion (2/28/08) was improperly filed and is hereby STRICKEN from the record; and it is further

ORDERED that PETA's Praecipe (2/28/08) was improperly filed and is hereby STRICKEN from the record; and it is further

ORDERED that no additional filings are to be made in this case pending further notice of the Court.

_____
U.S. MAGISTRATE JUDGE